IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW KIMMEL, #B88117, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 11-cv-01146-MJR |
| ) | |
| JACKSON COUNTY, IL, ) | |
| ROBERT BURNS, ) | |
| LIEUTENANT WHITBECK, ) | |
| OFFICER JOHN HOFFMAN, ) | |
| SERGEANT DARLENE BLUDWORTH, ) | |
| OFFICER MORBER, and ) | |
| NURSE GAIL, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

       Plaintiff Kimmel, an inmate in Southwestern Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while he was a pretrial detainee housed at Jackson County Jail ("Jackson"). Plaintiff currently is serving a six-year sentence for residential battery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

In the case at bar, having carefully reviewed the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and summarily dismiss portions of Plaintiff's complaint.

**The Complaint**

The following allegations are taken from Plaintiff's pro se complaint (Doc. 1). While a pretrial detainee at Jackson in July 2011, Plaintiff became aware of a "possibility of bodily harm to [himself]" (Doc. 1, p. 5). Plaintiff informed prison staff but received no response. In a recorded conversation, Plaintiff informed his friend Theresa Shelton during a visit. She contacted Defendant Sergeant Bludworth regarding the threat. Defendant Bludworth told Shelton that due to overcrowding they could not move him, but that Plaintiff could write a letter to Defendant Lieutenant Whitbeck concerning the threat. Plaintiff pleaded on several occasions to be moved to another area.

In September 2011, detainees Matthew Hamilton and Samuel Williams fulfilled the threat. Hamilton held Plaintiff while Williams assaulted Plaintiff. The assailants threatened to harm Plaintiff if he told anyone of the incident and warned him "to not push the panic button because the second attack would be worse than the first" (Doc. 1, p. 5).

On September 25, 2011, Plaintiff requested a bag of ice from Defendant Officer Hoffman for his facial injuries. Plaintiff told Defendant Hoffman he believed his face was "broken" (Doc. 1, p. 5). Defendant Hoffman looked at Plaintiff's face and asked what had happened, but Plaintiff refused to respond. Defendant Hoffman mouthed "B.S." and refused to allow medical attention or bring ice. On September 26, 2011, Plaintiff repeatedly asked to see the nurse. Later that day, at approximately 2:00 P.M., Plaintiff was seen by unspecified medical staff. He was transported to St. Joseph Memorial Hospital. The attending physician, Dr. Thomas Kupferer, diagnosed Plaintiff

3

with blunt force trauma to his face, a broken facial bone, and a fractured left jawbone. Dr. Kupferer put Plaintiff on a liquid diet and he returned to Jackson County Jail.

On September 27, 2011, Plaintiff visited Dr. Fredrick Gustave, who took x-rays and stated that Plaintiff might need a plate in his jaw. Plaintiff again returned to Jackson County Jail, where he did not receive the liquid diet prescribed by the doctor.

Teresa Shelton, a friend of Plaintiff, contacted Defendant Sheriff Robert Burns concerning Plaintiff's care, but he was "not concerned in the matter" (Doc. 1, p. 6). Defendant Bludworth and Defendant Whitbeck refused to grant Plaintiff a medical release form to have his condition evaluated by another doctor. Plaintiff acquired a different release form from a physician outside of the prison and signed it, but Jackson staff and Plaintiff's Public Defender Bruce Berry refused to release Plaintiff's medical information.

Plaintiff received surgery from Doctor Fredrick Gustave on September 30, 2011. The surgeon also wired Plaintiff's jaw shut. Staff at Jackson placed Plaintiff in lockdown when he returned. Plaintiff had limited communication with his mother, the cell had no working shower, and staff allowed Plaintiff no movement outside his cell. Defendant Officer Morber and other staff took no sanitary precautions when handling Plaintiff's medication and food. On October 9, 2011, Plaintiff overheard Defendant Bludworth tell another officer "not to allow [Plaintiff] any movement, his mother [may] call and complain if he gets bumped" (Doc. 1, p. 6).

Plaintiff filed a grievance to Defendant Whitbeck concerning the lockdown and restricted movement; Plaintiff received no response. His second grievance, filed on October 10, 2011, regarding his beating in September 2011, also received no response.

4

He filed a third grievance, also concerning the beating, on October 11, 2011, again receiving no response. Plaintiff alleges the failure to address his grievances constitutes retaliation for the medical help and subsequent care acquired for him by his mother.

On October 18, 2011, Plaintiff began to receive a normal diet, instead of the liquid diet prescribed by the physician. When Plaintiff tried to eat, he inadvertently pulled the wires from his jaw. Plaintiff gave the wires to Defendant Nurse Gail but did not see Doctor Gustave again during his stay at Jackson. Plaintiff remained on the regular diet until his transfer to Menard Correctional Center on October 28, 2011. Plaintiff still suffers from pain and severe soreness in his jaw. Plaintiff's teeth do not meet evenly and he has difficulty chewing.

Plaintiff seeks as relief monetary compensation for pain, suffering, physical defects from improper medical care, and future medical costs.

### Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into five counts. The parties should use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### Count 1 – Failure to Protect

Jail officials have a duty to protect pre-trial detainees from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, liability attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847

(1994)). Thus, to prevail on this claim, Plaintiff must show first that he was at risk of harm, and that the defendants knew about this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

### ■ Defendant Bludworth

Plaintiff alleges that he knew of a "possibility of bodily harm to [himself]" (Doc. 1, p. 5). He states that Teresa Shelton called Defendant Bludworth and explained the nature of this threat to the defendant. Defendant Bludworth responded that he could not move Plaintiff due to overcrowding, but that Plaintiff could instead try writing a letter to Defendant Whitbeck for assistance. Plaintiff remained in the same location and incurred bodily harm when other inmates carried out the threat.

Though it is unclear as to the specificity of the information relayed to Defendant Bludworth, Plaintiff pleads facts sufficient to show that Defendant Bludworth was aware of the threat to Plaintiff's physical safety and failed to take measures to protect him. Thus, Plaintiff's claim against Defendant Bludworth for failure to protect does not merit dismissal at this time.

### ■ Defendant Whitbeck

Plaintiff names Defendant Whitbeck in his complaint, alleging that he violated Plaintiff's constitutional rights. Plaintiff does not allege, however, that Defendant Whitbeck was aware of any threat of harm to Plaintiff. Plaintiff fails to plead facts sufficient to indicate that Defendant Whitbeck knew of the threat to Plaintiff and failed to act accordingly. Therefore, Plaintiff's complaint against Defendant Whitbeck for failure to protect shall be dismissed at this time, without prejudice.

**Count 2 – Deliberate Indifference**

In certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The United States Supreme Court has stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's

7

daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

In the instant case, Plaintiff describes a condition that could meet several of the *Gutierrez* factors. Plaintiff's injury caused extreme pain and would have healed incorrectly without treatment. The injury was one a reasonable doctor would find worthy of treatment. Plaintiff was transported to a hospital on September 26, 2011, the day after Defendant Hoffman refused assistance. He received an operation on September 27, 2011. The nature of the injury, in that Plaintiff had broken facial bones, combined with his request for ice, indicates that Plaintiff was in substantial pain. These allegations suffice to meet the objective showing that Plaintiff had a serious medical condition.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

■ **Defendant Hoffman**

Plaintiff alleges that Defendant Hoffman saw his face when Plaintiff asked for an ice bag. Plaintiff states that he told Defendant Hoffman that he believed his face was "broken." Defendant Hoffman allegedly refused to assist Plaintiff because Plaintiff would not tell him what had caused the damage. Based on these facts, Defendant

8

Hoffman understood, at the least, that Plaintiff had a facial injury requiring at least minimal medical assistance. It cannot yet be determined whether Defendant Hoffman understood the severity of Plaintiff's injury. Thus, Plaintiff's claim against Defendant Hoffman for deliberate indifference does not merit dismissal at this time.

■ **Defendant Burns**

Plaintiff also names Defendant Burns in his complaint. Teresa Shelton contacted Defendant Burns by telephone concerning Plaintiff's alleged lack of medical care, and Defendant Burns "was not concerned in the matter." This is insufficient to state a claim for deliberate indifference. Plaintiff has not alleged that Defendant Burns saw his injuries. Plaintiff fails to plead facts indicating that Defendant Burns knew of the severity of Plaintiff's situation, much less that he deliberately ignored it. Thus, Plaintiff's claim against Defendant Burns will be dismissed at this time, without prejudice.

**Count 3 – Retaliation**

Plaintiff alleges that he was placed on lockdown and restricted movement in retaliation for his mother's attempts to acquire medical care for him. He had limited communications and the cell had no working shower. Defendant Morber and other staff took no sanitary precautions when handling Plaintiff's medication and food. Plaintiff overheard Defendant Bludworth telling another officer "not to allow [Plaintiff] any movement, his mother [may] call and complain if he gets bumped."

Even where separate allegations would likely not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir.

9

1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

Here, Plaintiff fails to indicate which First Amendment activity he exercised to bring on the alleged acts of retaliation. He states that his mother contacted the prison on his behalf concerning his medical care. Such activity, performed by a third party, fails to implicate any of *Plaintiff*'s constitutionally protected rights. Furthermore, Plaintiff fails to plead facts showing that the retaliatory conduct prevented him from further exercising any First Amendment rights.

Even if Plaintiff had sufficiently alleged a First Amendment violation, the allegedly retaliatory conduct in Plaintiff's complaint appears insufficient to state a claim. Plaintiff's facts indicate that he received the requested medical care. He quotes Defendant Bludworth telling another officer "not to allow [Plaintiff] any movement, his mother [may] call and complain if he gets bumped." The quote seems to imply, despite Plaintiff's dissatisfaction with his medical treatment in the prison, that his status on lockdown and restricted movement served a legitimate purpose as preventing further injury.

As to these allegations, Plaintiff fails to state a claim for which relief can be granted. Plaintiff's claim against Defendant Bludworth shall be dismissed without prejudice.

### Count 4 – Failure to Address Grievances

Plaintiff complains that he filed grievances on three occasions and received no response. The first was sent specifically to Defendant Whitbeck. It is unclear to whom the others were filed.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Because Plaintiff's complaints regarding the handling of his grievances do not rise to the level of a constitutional violation, he has failed to state a due process claim against Defendant Whitbeck. Therefore, this claim shall be dismissed with prejudice.

### Count 5 – Refusal to Release Medical Records

Plaintiff appears to be alleging a claim based on the prison's denial to release his medical records. He states that Defendants Bludworth and Whitbeck refused to grant Plaintiff a medical release form to send his medical records to another physician. It is unclear what type of claim Plaintiff wishes to allege. These facts fail to implicate any constitutional right held by Plaintiff. This claim shall be dismissed without prejudice.

### Miscellaneous Claims

- **Defendant Nurse Gail**

11

Plaintiff names Defendant Gail in the caption, yet he fails to plead facts asserting any actionable claim against her. He states that he gave the wires from his jaw to her after inadvertently pulling them out. He does not show, however, how any actions by Defendant Gail have violated his Constitutional rights. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Therefore, Defendant Gail shall be dismissed without prejudice.

- **Defendant Jackson County, IL**

Plaintiff also names Jackson County, IL, as a defendant. In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).

A municipality cannot shield itself from liability under § 1983 by simply delegating final decision-making to a private entity. *King v. Kramer*, No. 11-2204, 2012 WL 1889765, at *6-7 (7th Cir. May 25, 2012) (municipality was on notice that health-care provider's policies were "causing problems at the jail"). Plaintiff's allegations are

not based upon the conditions, policies, and customs of Jackson, but upon the actions of its staff.  Accordingly, Jackson County, IL, is dismissed with prejudice.

### Disposition

**COUNT 4** fails to state a claim upon which relief may be granted and thus is **DISMISSED with prejudice**.

**COUNTS 3** and **5** are **DISMISSED without prejudice**.

Defendants **LIEUTENANT WHITBECK**, **SERGEANT BLUDWORTH**, **SHERIFF ROBERT BURNS**, and **NURSE GAIL** are **DISMISSED** from this action **without prejudice**.

Defendant **JACKSON COUNTY, IL** is **DISMISSED** from this action **with prejudice**.

**COUNTS 1** and **2** shall receive further consideration.

The Clerk of Court **SHALL PREPARE** for Defendants **HOFFMAN** and **MORBER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' places of employment as identified by Plaintiff.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendants cannot be found at the addresses provided by Plaintiff, the employer shall furnish the Clerk with the Defendants' current work addresses, or, if

not known, the Defendants' last-known addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file a responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**I**f judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

**T**his entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: 8/9/2012

s/ MICHAEL J.REAGAN
Michael J. Reagan
United States District Judge
